## BULLOCK v. GALVESTON, H. & H. R. CO.
### (No. 6890.)

(Court of Civil Appeals of Texas. Galveston. May 27, 1915.)

1. **APPEAL AND ERROR** ⊚⇒1070—HARMLESS ERROR—SPECIAL FINDINGS.

In a passenger's action for injuries sustained while alighting from a train, she alleged that she was thrown therefrom by a sudden jerk or forward movement of the train, and that defendant's servants, knowing that the station where she was injured was her destination, and that she was infirm and feeble, and unable to care for herself, negligently failed to offer her any assistance in alighting. The court submitted a special issue as to whether it was obvious that plaintiff required assistance, to which the jury answered that she was negligent for not asking assistance. To an issue as to whether the failure of the trainmen to render her assistance was negligence the jury answered that it was not the failure of the trainmen to render her assistance, because she did not ask therefor. The jury further found specially that there was no sudden jerk or jar of the train, that plaintiff attempted to alight therefrom while it was in motion, and that in doing so she was guilty of negligence approximately causing her injury. It appeared that neither the conductor nor the brakeman saw plaintiff when she attempted to get off, and therefore that they could not have rendered her any assistance. *Held* that, conceding that the findings as to defendant's failure to assist plaintiff were unresponsive, and disregarded and showed a misunderstanding of the charge, such answers were immaterial, as, even though the trainmen were negligent in starting the train without ascertaining whether plaintiff had alighted, such negligence, under the findings of the jury, was not the proximate cause of her injury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4231–4233; Dec. Dig. ⊚⇒ 1070.]

2. **TRIAL** ⊚⇒365—SPECIAL FINDINGS—INCONSISTENCY.

In a passenger's action for injuries, she alleged that she was thrown from the train as she was alighting by a sudden jerk or forward movement of the car, while defendant alleged that she attempted to alight while the train was in motion. The jury found specially that she was injured by alighting while the train was moving, and answered in the affirmative a special issue as to whether she received the injuries complained of "at the time and place and in the manner named." *Held*, that this last finding was not a finding that plaintiff's fall was caused as alleged in the petition, but, construing the verdict as a whole, meant no more than that plaintiff received her injuries by falling from the train, and hence the findings were not contradictory.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 871–874; Dec. Dig. ⊚⇒365.]

3. **APPEAL AND ERROR** ⊚⇒1062—HARMLESS ERROR—SUBMISSION OF SPECIAL ISSUES.

In a passenger's action for injuries, which she alleged were caused by a sudden jerk or forward movement of the train as she was alighting, and which defendant claimed were sustained by her while alighting from the moving train, the court submitted a special issue, to be answered in case the jury found that plaintiff fell from the train by reason of a sudden jerk or jar, as to whether such jerk or jar was caused by the starting of the train, or by stopping it; there being evidence that, when the brakeman saw plaintiff go upon the platform, he signaled the engineer to stop. The jury

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

found specially that there was no sudden jerk or jar, and that plaintiff attempted to alight from the train while it was in motion, and was thereby guilty of negligence proximately causing her injury. *Held* that, conceding that the issue as to what caused the jerk or jar was immaterial, its submission was harmless, as it could not possibly have influenced the jury in determining the material issues submitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. &#x25C8;&#x2014; 1062.]

4. APPEAL AND ERROR &#x25C8;&#x2014;544—RESERVATION OF GROUNDS OF REVIEW—EXCEPTIONS.

Portions of the charge, to which no exceptions are taken and preserved by bill, as required by the statute, cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. &#x25C8;&#x2014; 544.]

Error from District Court, Galveston County; Robert G. Street, Judge.

Action by Mary A. Bullock against the Galveston, Houston & Henderson Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Marsene Johnson, Elmo Johnson, and Roy Johnson, all of Galveston, for plaintiff in error. John L. Darrouzete, of Galveston, and John T. Garrison, of Houston, for defendant in error.

PLEASANTS, C. J. This suit was brought by plaintiff in error against defendant in error to recover damages for personal injuries alleged to have been caused her by the negligence of the defendant. In her petition the plaintiff alleged that she boarded one of the defendant's passenger trains in the city of Houston, on the 8th day of June, 1913, having purchased a ticket entitling her to be carried by defendant to the town of Dickinson, in Galveston county; that the passenger car of the defendant upon which she was assisted was crowded by other passengers; that plaintiff in error was an aged, feeble, and infirm woman, and could not push and crowd with the other large number of passengers, and could not alight at said station of Dickinson without assistance, but that she was forced to wait until all of the other passengers had alighted, when defendant's train reached its destination; and that then, while she was attempting to alight from defendant's said car, and while she was on the platform and step thereof, waiting for defendant's employés to assist her to alight, defendant's said car suddenly started, and that the jerk and pull of the starting threw her from the step and platform of the car, and precipitated her to the ground with great violence, causing her serious and lasting permanent bodily injuries. Plaintiff further alleged that defendant railroad company knew, or by the use of the degree of care required by law should have known and could have known, that she required assistance in entering and alighting from said passenger train, and that defend-

ant failed to perform its said duties to her, and was thereby negligent, and that defendant was also negligent in starting said train forward before she had alighted safely on the ground, and that all of said acts of negligence and omissions on the part of the defendant proximately caused the injuries she suffered by her fall, as above stated; that several of her ribs were broken and fractured, which confined her to her bed for a long time; and that she was injured in the head and body, and that the injuries caused her much pain, and are permanent, and will shorten her life. Plaintiff further alleged that, at the time she became a passenger on said train, the defendant's conductor knew that her destination was Dickinson; that she was aged, infirm, and feeble, and unable to take care of herself; that the agent of the defendant assisted her to enter said train in said city of Houston, but that, after the train reached its destination at Dickinson, the defendant and its conductor and other servants negligently failed to afford her any assistance whatsoever to alight from said train; that the contract of the defendant with plaintiff required the defendant railroad company to exercise the highest degree of care for her safety until she had safely alighted from the passenger car and was safely on the ground; and that the failure and omissions of the defendant, as pleaded, was negligence, which proximately caused the injuries sustained by plaintiff in error.

The defendant answered by general denial and by special pleas, in which it is alleged, in substance, that plaintiff was notified, when the train was near the station of Dickinson, that it was approaching said station, and she knew when it reached the station; that the train was stopped at the station a sufficient length of time to allow all passengers to disembark therefrom, and defendant's employés in charge of the train believed, and had reason to believe, that plaintiff had alighted therefrom; but that plaintiff remained in her seat, and did not attempt to get off the train until after it had started to leave the station, and after the train had started, without the knowledge or consent of any of defendant's employés in charge of said train, she got up from her seat, went upon the platform of the coach, and in attempting to jump from the moving train fell and thereby received the injuries of which she complains, and that the negligence of plaintiff in so attempting to get off the moving train was the direct cause of her injury.

The trial in the court below with a jury resulted in a verdict and judgment in favor of defendant. The cause was submitted to the jury upon special issues, and the answers of the jury to the questions submitted were as follows:

First. (a) "Was it, or not, obvious and apparent, from the plaintiff's age and sex and her

physical condition, that she required the assistance of those in charge of the train to enable her to alight safely?" Answer. "She was negligent for not asking assistance."

(b) "And was the failure of the trainmen to render her assistance negligence or not?" Answer. "It was not the failure of the trainmen to render her assistance, because she did not ask for same."

(c) "Was such failure the cause of her injuries, or not?" Answer. "It was not the failure of the trainmen, the cause of her injuries."

Second. "Was plaintiff thrown from the train while standing on the platform or steps by a sudden jerk or pull forward, or did she fall while attempting to step off the train when it was in motion?" Answer. "She stepped off the steps of the car while the train was in motion."

Third. "Did the plaintiff receive the injuries, or any of them, complained of in her petition, at the time and place named?" Answer. "Yes."

Fourth. "What sum of money will be a fair and reasonable compensation for her injuries, mental and physical, present and prospective?" Answer. "None."

Fifth. "Ascertain and determine from the evidence whether the plaintiff left her seat and attempted to go to the front end of the train for the purpose of alighting before the train moved or attempted to move on its way from the station of Dickinson?" Answer. "She left her seat after the train started and was in motion."

Eighth. "Ascertain and determine from the evidence: (a) What caused plaintiff to receive the injuries, that is, whether or not the plaintiff attempted to get off the train while it was in motion, and fell and received the injuries; (b) or whether or not the plaintiff was thrown from the train by a sudden jerk or jar." Answer. "(a) She received her injuries while attempting to get off the train while it was in motion."

To paragraph (b) of question 8 the jury answered:

"It was not the jerk or jar that threw her from the steps."

Ninth. "If you answer the above question that the plaintiff was thrown from off the train by reason of a sudden jerk or jar, then state: (a) How far the train had gone before it gave the jerk or jar that threw the plaintiff off. (b) If you say in answer to the above interrogatory that the plaintiff fell from the train by reason of a sudden jerk or jar, then state whether the jerk or jar was caused by reason of the signals given to the engineer to stop the train—that is, was the jerk or jar occasioned by the engineer in stopping said train or when it was first starting?"

To paragraph (a) of the above question the jury answers:

"We do not know how far the train had gone when she stepped off."

To paragraph (b) the jury answers:

"We are of the opinion that there was no jerk or jar, but she stepped from the train while same was in motion."

Eleventh. "Ascertain and determine from the evidence whether or not the plaintiff, Mrs. Bullock, while the train was in motion, walked down the steps of the car, and caught hold of the handrail, and stepped off the train and on to the ground."

To this question the jury made the following answer:

"Mrs. Bullock walked down the steps of the car, and caught hold of the handrail, and stepped off of the train while in motion onto the ground."

Fourteenth. "Ascertain and determine from the evidence whether or not the plaintiff was guilty of contributory negligence."

To which question the jury answered: "Yes."

The testimony is conflicting, but there is ample evidence to sustain the finding that the train stopped at the station a sufficient time to allow the passengers to get off, that all of the passengers for Dickinson, except the plaintiff, left the train, but plaintiff, knowing that the train had arrived at Dickinson and the passengers were alighting, remained in her seat until after the train started, when she got up with her baggage in her hand and went out on the front platform of the coach in which she was riding, stood there a few seconds looking for relatives whom she expected to meet her at the station, and, not seeing them, attempted to get off the moving train, and in doing so was thrown violently to the ground and received the injuries of which she complains. A brakeman who was on the platform in the rear of the coach in which plaintiff was riding saw her as she went with her baggage to the front door of the coach, and, supposing that she desired to get off, rang the bell to stop the train. He did not see plaintiff when she attempted to get off, and no employé of the defendant saw her or was near her at that time. There was no sudden jerk or jar of the train, and it was not suddenly stopped. It had gotten well under way when plaintiff attempted to get off, and was moving at a considerable rate of speed. The witnesses differed as to the distance the train had gone before plaintiff attempted to alight, but the evidence warrants the conclusion that it was 100 yards or more.

[1] The first, second, and third assignments of error presented in appellant's brief assail the answers of the jury to the several questions contained in the first issue submitted to them by the charge, on the ground that the answers are not responsive to the questions and show a disregard of the charge or a failure of the jury to understand it. It may be conceded that these complaints are well founded; but, in view of the findings of the jury upon the other questions submitted to them, the finding upon the issue of defendant's negligence becomes immaterial.

The undisputed evidence shows that there was but one brakeman on the train, and that neither he nor the conductor saw plaintiff when she attempted to get off the train, and therefore could not have rendered her any assistance at that time. It may be that the evidence raises the issue of negligence on the part of the conductor, in view of plaintiff's age and infirm condition, and the knowledge on his part that she intended to get off at Dickinson, in starting the train without ascertaining whether or not plaintiff had alighted therefrom; but such negligence was not, under the findings of the jury upon the other issues submitted to them, the prox-

imate cause of her injury. The jury having found that there was no sudden jerk or jar of the train, and that plaintiff attempted to alight therefrom while it was in motion, and that in so doing she was guilty of negligence which proximately caused her injury, the defendant would not be liable for such injury, notwithstanding it may have been negligent in the respects indicated in the questions propounded by the court, and therefore the answers of the jury to such questions were immaterial.

[2] The fourth assignment complains of the verdict on the ground that it is inconsistent and contradictory, in that in answer to special issue No. 3 the jury found that plaintiff was injured at the time and place and "in the manner named," and, plaintiff's petition having alleged that she was thrown off the platform of the car by a sudden jerk or forward movement of the car, such finding is contradictory of the findings that there was no jerk of the train and that plaintiff attempted to step off the car while it was in motion and fell in making such attempt.

The charge as copied in the record does not submit to the jury the question whether plaintiff was injured "in the manner named"; but, if the record showed that the question was submitted in the form stated in appellant's brief, the answer, "Yes," of the jury to the question of whether the plaintiff was injured "at the time, place, and in the manner named," could not be construed as a finding that plaintiff's fall from the train was caused as alleged in her petition. Construing the verdict as a whole, it is clear that, in answering the question "Yes," the jury understood the term "manner named" to only mean that plaintiff received her injuries by falling from defendant's train.

The fifth, sixth, seventh, and eighth assignments of error are without merit, and are overruled without discussion.

[3] By the ninth and tenth assignments of error complaint is made of the charge of the court submitting the ninth special issue above set out. The exception to this paragraph of the charge presented by appellant's bill of exception is as follows:

"Now comes Mary A. Bullock, plaintiff in above cause, and objects and excepts to that paragraph of the special charges requested by the defendant beginning with subdivision 'b' of paragraph at present numbered 9, wherein the court is requested to charge the jury in these words: '(b) If you say in answer to the above interrogatory that the plaintiff fell from the train by reason of a sudden jerk or jar, then state whether the jerk or jar was caused by reason of the signals given to the engineer to stop the train; that is, was the jerk or jar occasioned by the engineer in stopping said train.' Plaintiff here and now in open court, before said requested special charge is given by the court, and before the same is read to the jury, objects and excepts to said portion of said special charge on the following grounds:

"(1) Plaintiff says that under the allegations of her petition, and under the allegations defensively pleaded by the defendant, it is immaterial what caused the train upon which plaintiff was a passenger to jerk or jar, and that the issue of the causing of the jerk or jar of the train is not raised by the pleadings of either party; that the defendant pleaded contributory negligence in its recitation that plaintiff was guilty of contributory negligence only by jumping from the car while the same was in motion.

"(2) Plaintiff also objects and excepts to the giving of said portion of said requested charge for the reason that if the defendant, by its own want of care for the safety of the plaintiff, who was a passenger on its train, caused her to be waiting on the platform or steps for assistance, and thus placed in a position of peril, and then attempted to stop the train, to relieve the plaintiff from her said position of peril, too suddenly, thus causing the train to jar or jolt, and that the jar or jolt thus produced caused the plaintiff to fall from said train to the ground, then and in that event the defendant would be liable for the injuries by plaintiff sustained, under the averments of her petition.

"(3) Plaintiff also objects and excepts to said portion of said requested charge for the further reason that it tends to mislead the jury, and tends to confuse the jury, and is paradoxical to the court's main charge in every particular, as to whether the jar or jolt or pull of the train proximately caused the injuries to the plaintiff."

It may be that the question submitted in this paragraph of the charge was immaterial, and we are inclined to agree with appellant's contention that it was immaterial. If the question submitted was immaterial, it necessarily follows, in view of the findings of the jury upon the material issues submitted and the character of the question excepted to, the submission of which could not possibly have influenced the jury in the determining of the material issues submitted, that its submission was harmless error, and the assignment complaining of its submission must be overruled.

[4] The remaining assignments, which complain of other portions of the charge, cannot be sustained, because no exceptions to the portions of the charge complained of were taken and preserved by bill, as required by the statute.

The charge of the court upon the issue of contributory negligence was not excepted to, and is a fair presentation of that issue, and the jury having found, upon ample evidence, that plaintiff's own negligence was the proximate cause of her injury, the judgment in favor of defendant must be affirmed; and it has been so ordered.

Affirmed.